# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | |
|---|---|
| AMERICAN TOWER ASSET SUB, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PTA-FLA, INC. d/b/a Cleartalk, <br><br> Defendant. | Case No. 6:15-cv-03700-MGL <br><br> **COMPLAINT** <br> (Breach of Contract) <br> (Declaratory Judgment) <br><br> (Non-Jury) |

Plaintiff American Tower Asset Sub, LLC ("Plaintiff"), complaining of Defendant PTA-FLA, Inc. d/b/a Cleartalk ("Defendant") alleges and avers the following:

## INTRODUCTION

1. This Complaint presents an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and Rule 57, Fed. R. Civ. P., for the purpose of determining a question of actual controversy between the parties, and for a declaration of the rights of the parties, which are in dispute, to various remedies for Defendant's defaults upon multiple agreements between the parties, and for such additional relief as may be just and proper. The Complaint also presents a cause of action for breach of contract.

## PARTIES

2. Plaintiff American Tower Asset Sub, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Boston, Massachusetts.

3. Upon information and belief, Defendant PTA-FLA, Inc. d/b/a Cleartalk, is a corporation organized and existing under the laws of the State of Florida.

4. Both Plaintiff and Defendant are registered to do business in South Carolina, and conduct business in South Carolina.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C.A. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated; and in the Greenville Division pursuant to Local Civil Rule 3.01, which provides for a division assignment where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

7. Plaintiff is a telecommunications tower company that owns, leases, subleases, licenses and/or manages various real property in South Carolina (the "Tower Sites").

8. Upon each Tower Site, there is a wireless communications tower (the "Towers") owned, leased, licensed and/or managed by Plaintiff.

9. Defendant is a wireless phone service provider, in the business of providing wireless communications services to customers in the United States of America.

10. Plaintiff and Defendant are parties to a number of contractual agreements whereby Plaintiff has granted a license or leasehold interest to Defendant on various Towers at a number of Tower Sites (the "Agreements").

11. Pursuant to the Agreements, Defendant agreed to pay Plaintiff a monthly license fee or monthly rent in exchange for limited use of a portion of a Tower for the installation and use of certain permitted telecommunications equipment.

12. Since February 22, 2010, Plaintiff and Defendant have entered into at least thirty-one (31) License Agreements at various Tower Sites within South Carolina, as shown on Exhibit A attached hereto.

13. In addition to the License Agreements, Plaintiff and Defendant are parties to three Communications Site Lease Agreements at Tower Site locations in South Carolina, as also shown on Exhibit A attached hereto.

14. The License Agreements and Communications Site Lease Agreements set forth on the attached Exhibit A will be referred to as the "Agreements".

15. In or around March of 2014, Defendant ceased making payments on the Agreements, without justification, therefore placing Defendant in default under the terms of the Agreements.

16. On or around September 4, 2014, Plaintiff provided Defendant with a Notice of Default, and opportunity to cure Defendant's default, in accordance with the terms of the Agreements. A true and correct copy of the Notice of Default is attached as Exhibit B hereto.

17. Defendant, despite notice and opportunity, failed to cure its defaults under the Agreements.

18. The Agreements provide for an award of default interest, late payment fees, and attorneys' fees and costs to Plaintiff under the facts alleged herein.

## FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

19.     Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if set forth herein verbatim.

20.     There exists an actual and justiciable controversy between the parties concerning Plaintiff's rights and remedies pursuant to the Agreements.

21.     Defendant is in default pursuant to the Agreements, by failing to pay to Plaintiff the amounts due under the Agreements.

22.     Defendant has failed to cure its defaults under the Agreements, despite reasonable notice and opportunity to cure pursuant to the terms of the Agreements.

23.     As a result, Plaintiff seeks a declaratory judgment holding that Plaintiff is entitled to exercise the remedies available to Plaintiff under the terms of the Agreements, including the following, at Plaintiff's election:

(a)     termination of the Agreements;

(b)     termination of electrical power to Defendant's equipment located on the Towers;

(c)     removal of all of Defendant's equipment located on the Towers and storage of said equipment at Defendant's sole cost and expense for a period of 30 days, after which Plaintiff may dispose of the equipment;

(d)     payment by Defendant of all reasonable attorney's fees, court costs, removal and storage fees.

## FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

24.     Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if set forth herein verbatim.

25.     Plaintiff and Defendant entered into valid and enforceable contracts, the Agreements.

26. Defendant's failure to pay to Plaintiff the amounts due under the Agreements constitutes material breaches of the Agreements.

27. As a direct and proximate result of Defendant's material breaches of the Agreements, Plaintiff has incurred damages, in the amount of $912,045.92.

28. The Agreements provide for an award of default interest, late penalties, and attorney fees and costs to Plaintiff under the facts alleged.

### FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

29. Plaintiff incorporates the allegations of the preceding paragraphs of this Complaint as if set forth herein verbatim.

30. Through its performance of the Agreements, Plaintiff has provided valuable licenses and/or tenancies to Defendant as described herein, and Defendant has benefited from and received the use, value and enjoyment of the licenses and/or tenancies provided by Plaintiff and has been unjustly enriched thereby.

31. Defendant knew or should have known that Plaintiff was not providing the licenses and/or tenancies gratuitously.

32. Plaintiff is entitled to judgment against the Defendant for the reasonable value of the licenses and/or tenancies Plaintiff provided relating to the Tower Sites and in an amount to be decided by the trier of fact, plus attorneys' fees, prejudgment interest, and costs.

WHEREFORE, Plaintiff American Tower Asset Sub, LLC prays that the Court grant judgment in favor of Plaintiff as follows:

    (a) an order granting judgment in favor of Plaintiff against Defendant;

    (b) a declaratory judgment that Plaintiff is entitled to exercise the remedies available to Plaintiff under the terms of the Agreements, including the following, at Plaintiff's election:

      (i)      termination of the Agreements;

      (ii)      termination of electrical power to Defendant's equipment located on the Towers;

      (iii)      removal of all of Defendant's equipment located on the Towers and storage of said equipment at Defendant's sole cost and expense for a period of 30 days, after which Plaintiff may dispose of the equipment;

      (iv)      payment by Defendant of all reasonable attorney's fees, court costs, removal and storage fees.

(c)      that Plaintiff have judgment for breach of contract against Defendant in the amount of $912,045.92, which includes contractual default interest at 18% per annum, plus late penalties, attorneys' fees and costs;

(d)      that Plaintiff is entitled to prejudgment interest for all claims upon which the interest may be awarded, or in the event the contractual default interest is not available; and

(e)      For such other and further relief as the Court deems just, equitable and proper.

      Respectfully submitted,

      /s/ Jeffrey S. Tibbals

Jeffrey S. Tibbals      Fed ID No. 9387
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.414.8219
JTibbals@nexsenpruet.com

Burl F. Williams      Fed ID No. 10556
55 E. Camperdown Way, Suite 400 (29601)
P.O. Drawer 10648
Greenville, SC 29603
PHONE: 864.282.1165
FACSIMILE: 864.477.2633
BWilliams@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF
AMERICAN TOWER ASSET SUB, LLC

September 16, 2015
Charleston, South Carolina