**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| AMERICAN TOWER ASSET SUB, LLC, | ) | Case No. 6:15-cv-03700-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER &** |
| vs. | ) | **COUNTERCLAIM** |
| | ) | **(Jury Trial Demanded)** |
| PTA-FLA, Inc. d/b/a Cleartalk, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant PTA-FLA, Inc. d/b/a Cleartalk (referred to herein as "Defendant") hereby answers Plaintiff's Complaint dated September 16, 2015 and respectfully asserts the following:

1. Each and every allegation of the Complaint not specifically admitted is denied.

2. Answering Paragraph 1 of the Complaint and based upon information and belief, Defendant admits that this Complaint presents an action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Rule 57, Fed. R. Civ. P. and that this Complaint presents a cause of action for breach of contract. Defendant lacks sufficient knowledge or information regarding the truth of the remaining allegations of this paragraph to admit or deny the same and therefore, demands strict proof thereof.

3. Defendants lacks sufficient information or belief to either admit or deny the allegations of Paragraph 2 of the Complaint.

4. Defendant admits Paragraph 3 of the Complaint.

5. Defendants lacks sufficient information or belief to either admit or deny the allegations of Paragraph 4 of the Complaint, except admits that it is registered to do business in South Carolina and that both parties conduct business in South Carolina.

6. Defendant lacks sufficient knowledge or information regarding the specifics of

the allegations asserted in Paragraph 5 of the Complaint to admit or deny the same and therefore demands strict proof thereof.  Defendant will note that for diversity purposes a limited liability corporation is a citizen of every state where a member resides.

7.      Based upon information and belief, Defendant admits Paragraph 6 of the Complaint as it pertains to venue being proper in this District, pursuant to 28 U.S.C. § 1391(b)(2).  However, Defendant is without sufficient knowledge or information regarding the specifics of the allegations in Paragraph 6 of the Complaint regarding the proper division assignment and therefore demands strict proof thereof.

8.      Based upon information and belief, Defendant admits Paragraph 7 of the Complaint.

9.      Based upon information and belief, Defendant admits Paragraph 8 of the Complaint.

10.     Defendant denies the allegations of Paragraph 9 of the Complaint.

11.     Defendant denies the allegations of Paragraph 10 of the Complaint, except admits the parties entered into a number of contracts and the contracts speak for themselves as to what they provide.

12.     Defendant denies the allegations of Paragraph 11 of the Complaint, except admits the contracts speak for themselves as to what they provide.

13.     Defendant lacks sufficient knowledge or information regarding the specifics of the allegations asserted in Paragraph 12 of the Complaint to admit or deny the same and therefore demands strict proof thereof.

14.     Defendant lacks sufficient knowledge or information regarding the specifics of the allegations asserted in Paragraph 13 of the Complaint to admit or deny the same and

therefore, demands strict proof thereof.

15. Defendant asserts it is not required to respond to Paragraph 14 of the Complaint but, to the extent it is, Defendant lacks sufficient knowledge or information regarding the specifics of the allegations asserted in Paragraph 14 of the Complaint to admit or deny the same and therefore, demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 15 of the Complaint.

17. Defendant denies the allegations of Paragraph 16 of the Complaint, except admits Plaintiff sent a letter to Defendant on or about September 4, 2014.

18. Defendant denies the allegations of Paragraph 17 of the Complaint.

19. Defendant denies the allegations of Paragraph 18 of the Complaint, except admits the contracts speak for themselves as to what they provide.

20. Defendant realleges its answers to the paragraphs realleged in Paragraph 19 of the Complaint.

21. Defendant lacks sufficient knowledge or information regarding the specifics of the allegations asserted in Paragraph 20 of the Complaint to admit or deny the same and therefore, demands strict proof thereof.

22. Defendant denies the allegations of Paragraph 21 of the Complaint.

23. Defendant denies the allegations of Paragraph 22 of the Complaint.

24. Defendant lacks sufficient knowledge or information regarding the specifics of the allegations asserted in Paragraph 23 of the Complaint to admit or deny the same and therefore, demands strict proof thereof.

25. Defendant realleges its answers to the paragraphs realleged in Paragraph 24 of the Complaint.

26. Defendant denies the allegations of Paragraph 25 of the Complaint, except admits the parties entered into a number of contracts and the contracts speak for themselves as to what they provide.

27. Defendant denies the allegations of Paragraph 26 of the Complaint.

28. Defendant denies the allegations of Paragraph 27 of the Complaint.

29. Defendant denies the allegations of Paragraph 28 of the Complaint, except admits the contracts speak for themselves as to what they provide.

30. Defendant realleges its answers to the paragraphs realleged in Paragraph 29 of the Complaint.

31. Defendant denies the allegations of Paragraph 30 of the Complaint.

32. Defendant denies the allegations of Paragraph 31 of the Complaint.

33. Defendant denies the allegations of Paragraph 32 of the Complaint.

34. Defendant denies Plaintiff is entitled to the relief requested in the Prayer of the Complaint.

**FOR A FIRST DEFENSE**
(Lack of Subject-Matter Jurisdiction)

35. Plaintiff's Complaint fails to properly assert subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. The citizenship of a limited liability company ("LLC"), for purposes of diversity jurisdiction, is determined by the citizenship of its member(s). As such, the citizenship of an LLC must be traced through its members, however many there may be. Plaintiff does not allege the citizenship of its member(s) and, as a result, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12, Fed. R. Civ. P.

**FOR A SECOND DEFENSE**
(Failure to State a Claim for Unjust Enrichment)

36.     Plaintiff's cause of action for unjust enrichment fails to state facts sufficient to constitute a cause of action for which relief may be granted against Defendant and should therefore be dismissed with prejudice, pursuant to Rule 12, Fed. R. Civ. P.

**FOR A THIRD DEFENSE**
(Waiver)

37.     Upon information and belief, Plaintiff's claims, or parts thereof, are barred by the doctrine of waiver.

**FOR A FOURTH DEFENSE**
(Estoppel)

38.     Upon information and belief, Plaintiff's claims, or parts thereof, are barred by the doctrine of estoppel.

**FOR A FIFTH DEFENSE**
(Unclean Hands)

39.     Upon information and belief, Plaintiff's claims, or parts thereof, are barred by the doctrine of unclean hands.

**FOR A SIXTH DEFENSE**
(Novation)

40.     Upon information and belief, Plaintiff's claims, or parts thereof, are barred by a novation between Defendant and Plaintiff.

41.     Upon information and belief, Plaintiff offered to resolve disputed payments on at least 20 agreements held by Plaintiff.

42.     Defendant accepted the terms of Plaintiff's offer and a new agreement was made regarding the arrangement between the parties.

## FOR A SEVENTH DEFENSE
(Violation of Statute)

43. Upon information and belief, Plaintiff's claims, or parts thereof, are barred because Plaintiff has violated the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq*.

44. Upon information and belief, Plaintiff has engaged unlawful and deceptive practices pertaining to the Agreements in question through price fixing and inflating tower license rents through its exercise of its relative size in the South Carolina wireless telecommunications infrastructure market.

## RESERVATION AND NON-WAIVER OF DEFENSES

45. Defendant reserves the right to assert, and does not waive, any additional or further claims or defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## FURTHER RESPONDING AND BY WAY OF COUNTERCLAIM

## FIRST CAUSE OF ACTION
(Breach of Contract)

46. PTA-FLA, Inc. is a Florida corporation licensed to do business in the State of South Carolina and maintains its principal place of business in Columbia, South Carolina. PTA-FLA provided wireless communications services in South Carolina, and has in various other service areas across the United States, under the brand "ClearTalk."

47. PTA-FLA hereby incorporates by reference, the answers, defenses and allegations contained in the foregoing paragraphs as if fully set forth herein.

48. American Tower Sub, LLC ("American Tower") and PTA-FLA enter into certain

agreements.

49. Upon information and belief, American Tower breached several of the agreements by unreasonably delaying in allowing PTA-FLA to begin putting equipment on the towers.

50. American Tower's actions violated the implied covenant of good faith and fair dealing.

51. As a direct and proximate result of American Tower's conduct, PTA-FLA suffered damages.

### SECOND CAUSE OF ACTION
(Violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq*.)

52. PTA-FLA hereby incorporates by reference, the answers, defenses and allegations contained in the foregoing paragraphs as if fully set forth herein.

53. Upon information and belief, American Tower engaged in price fixing and inflated tower rents.

54. Upon information and belief, American Tower along with Crown Castle International Corporation ("Crown Castle") and SBA Communications Corporation ("SBA") own and operate the vast majority of tower sites and wireless communications infrastructure in the State of South Carolina

55. Upon information and belief, American Tower engaged in unlawful and deceptive practices, including price fixing and inflating tower license rents through its exercise of its relative size in the South Carolina wireless telecommunications infrastructure market.

56. As a direct and proximate result of American Tower's unlawful and deceptive practices, PTA-FLA suffered damages.

57. American Tower's acts have had an adverse impact on the public interest as they

were committed across over thirty agreements, negatively impacting South Carolina telecommunications competition.

58. American Tower's acts have the potential for repetition, and were repeated against Plaintiff in over 30 different tower agreements.

59. Absent deterrence, American Tower will continue its unlawful and deceptive practices.

## REQUEST FOR JURY TRIAL

60. Defendant requests that this matter be tried by jury.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed, for the costs of defending this action, and for such other relief as the Court deems just and proper. Defendant further prays for all costs to be cast upon the Plaintiff and prays for judgment in an amount according to proof as requested in its Counterclaim and for such other and further relief as this court may deem just in proper.

PTA-FLA, INC. d/b/a/ CLEARTALK

s/Joshua E. Austin
Joshua E. Austin, Fed. ID No. 12001
Post Office Box 8839
Columbia, South Carolina 29202
Tel: (803) 466-6488
Fax: (866) 498-3090
joshuaaustin@cleartalk.net

ATTORNEY FOR PLAINTIFF

November 23, 2015
Columbia, South Carolina