# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| AMERICAN TOWER ASSET SUB, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PTA-FLA, INC. d/b/a Cleartalk, <br><br> Defendant. | Case No. 6:15-cv-03700-MGL <br><br><br> **ANSWER TO COUNTERCLAIM** |

Plaintiff American Tower Asset Sub, LLC ("Plaintiff"), answers the Counterclaim of Defendant PTA-FLA, Inc. d/b/a Cleartalk ("Defendant") as follows:

## FOR A FIRST DEFENSE

1. Each and every allegation contained in Defendant's Answer & Counterclaim not hereinafter specifically admitted is denied, and strict and competent proof of such allegation is demanded.

2. Paragraphs 1 through 45 of the Answer & Counterclaim contain responses and affirmative defenses to the Complaint in this matter, and thus require no response. To the extent a response is required, such allegations are denied.

AS TO THE FIRST CAUSE OF ACTION<br>(Breach of Contract)

3. Responding to paragraph 46, upon information and belief, Plaintiff admits that PTA-FLA, Inc. is a Florida corporation licensed to do business in the State of South Carolina and that PTA-FLA provided wireless communications services in South Carolina, and has in various other service areas across the United States, under the brand "ClearTalk." Plaintiff lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Counterclaim and therefore denies such allegations and demands strict proof thereof.

4. Paragraph 47 contains no averments of fact to which a response is required. To the extent that a response is deemed necessary, Plaintiff denies any allegations.

5. Plaintiff admits the allegations of paragraph 48.

6. Plaintiff denies the allegations of paragraphs 49, 50, and 51.

### AS TO THE SECOND CAUSE OF ACTION
(Violation of south Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.*)

7. Responding to paragraph 52 of the Counterclaim, Plaintiff repeats and restates its responses to paragraphs 1 through 51 of the Counterclaim as though set forth herein verbatim.

8. Plaintiff denies the allegations of paragraph 53.

9. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Counterclaim and therefore denies such allegations and demands strict proof thereof.

10. Plaintiff denies the allegations of paragraphs 55, 56, 57, 58 and 59.

11. Paragraph 60 contains no averments of fact to which a response is required. To the extent that a response is deemed necessary, Plaintiff denies any allegations.

### FOR A SECOND DEFENSE
(Failure to State a Claim)

12. The Counterclaim, and each and every allegation therein, fails to state a claim against Plaintiff upon which relief can be granted and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## FOR A THIRD DEFENSE
### (Waiver and Estoppel)

13. Defendant's counterclaims are barred by the doctrines of waiver and estoppel.

## FOR A FOURTH DEFENSE
### (Unclean Hands)

14. The counterclaim is barred by Defendant's unclean hands.

## FOR A FIFTH DEFENSE
### (Laches)

15. Defendant's counterclaims are barred by the doctrine of laches.

## FOR A SIXTH DEFENSE
### (Statute of Frauds)

16. To the extent that Defendant's counterclaims rely upon oral agreements outside the written terms of the Agreements and related documents, Defendant's counterclaims are barred by the statute of frauds, including without limitation those set forth in S.C. Code Ann. § 32-3-10, § 36-2-201, and/or § 36-2-202.

## FOR A SEVENTH DEFENSE
### (Unjust Enrichment)

17. Defendant's counterclaims are barred by the doctrine of unjust enrichment.

## FOR AN EIGHTH DEFENSE
### (Breach of Contract)

18. Defendant breached various agreements between the parties, excusing nonperformance by Plaintiff, such alleged nonperformance being denied by Plaintiff.

## FOR A NINTH DEFENSE
### (Failure to Comply With Condition Precedent)

19. Defendant's counterclaims are barred by Defendant's failure to comply with all conditions precedent in the contracts at issue.

## FOR A TENTH DEFENSE
### (Ratification, Consent, Condonation, and Acceptance)

20. Defendant ratified, consented to, condoned, and accepted all of the transactions at issue in this lawsuit, which acts as a complete bar to Defendant's counterclaims against Plaintiff.

## FOR AN ELEVENTH DEFENSE
### (Accord and Satisfaction)

21. Defendant's counterclaims are barred by the doctrine of accord and satisfaction.

## FOR A TWELFTH DEFENSE
### (Failure to Mitigate Damages)

22. Defendant has failed to mitigate its damages, if any.

## FOR A THIRTEENTH DEFENSE
### (Offset/Beneficial Use)

23. Any damages sustained by Defendant, the existence of such damages being denied, must be reduced or offset by the proportionate value of the beneficial use received or used by Defendant.

WHEREFORE, having fully answered the Counterclaim of the Defendant, Plaintiff prays that the Counterclaim be dismissed, with prejudice, and for such other and further relief as this Court may deem just and proper.

 /s/ Jeffrey S. Tibbals

Jeffrey S. Tibbals              Fed ID No. 9387
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
PHONE: 843.577.9440
FACSIMILE: 843.414.8219
JTibbals@nexsenpruet.com

Burl F. Williams              Fed ID No. 10556
55 E. Camperdown Way, Suite 400 (29601)
P.O. Drawer 10648
Greenville, SC 29603
PHONE: 864.282.1165
FACSIMILE: 864.477.2633
BWilliams@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF
AMERICAN TOWER ASSET SUB, LLC

December 14, 2015
Charleston, South Carolina