**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| AMERICAN TOWER ASSET SUB, LLC, | Case No. 6:15-cv-03700-MGL |
| Plaintiff, | |
| vs. | **PLAINITFF'S LOCAL RULE 26.03 RESPONSES** |
| PTA-FLA, INC. d/b/a Cleartalk, | |
| Defendant. | |

Plaintiff American Tower Asset Sub, LLC ("Plaintiff") submits the following responses to the Court pursuant to Local Rule 26.03:

## LOCAL RULE 26.03 RESPONSES

*1.    Short Statement of the Facts of this Case*.

Plaintiff is a telecommunications tower company that owns, leases, subleases, licenses and/or manages various real property located in South Carolina. On this real property, Plaintiff constructed cellular towers for use in the telecommunications industry. In turn, Plaintiff licenses and/or leases space on these cellular towers to wireless phone service providers, who then place their antennae on these cellular towers. Defendant PTA-FLA, INC. d/b/a Cleartalk ("Defendant") is a wireless phone service provider in the business of providing wireless communications services to customers in South Carolina. Plaintiff and Defendant are parties to a number of contractual agreements ("Agreements"). Under these Agreements, Plaintiff granted a license and/or leasehold interest to Defendant so that it may place antennae on Plaintiff's towers. In exchange for providing Defendant space on Plaintiff's towers, Defendant agreed to pay Plaintiff a monthly license fee or monthly rent.

Beginning in or around March of 2014, Defendant ceased making payments on the Agreements, without justification, therefore placing Defendant in default under the terms of the Agreements. On or around September 4, 2014, Plaintiff provided official notice to Defendant that it was in default, and provided Defendant an opportunity to cure its default pursuant to the terms of the Agreements. Defendant, despite notice and opportunity, failed to cure its defaults under the Agreements. Accordingly, Plaintiff instituted this action to recover monies owned under the Agreements and to receive a declaratory judgment confirming Plaintiff's right to remove Defendant's equipment from Plaintiff's cellular tower sites.

2. *The Names of Fact Witnesses Likely to be Called by Plaintiff and a Brief Summary of Expected Testimony.*

    a.    Eric Steinmann of PTA-FLA, INC.

Witness is believed to be the president of Defendant. Witness executed a number of the agreements at issue on behalf of Defendant. Witness is expected to testify concerning Defendant's failure to make payments under the agreements.

    b.    Nelson Delrosario of American Tower Corporation.

Witness is expected to testify to Defendant's failure to pay the monthly obligations pursuant to the Agreements.

3. *The Names and Subject Matter of Expert Witnesses.*

Plaintiff has not identified any expert witnesses, but reserves the right to do so in accordance with the terms of the Amended Scheduling Order for this case.

4. *A Summary of Claims with Statutory and/or Case Citations Supporting the same.*

Below is a summary of the claims, with statutory and case citations.

(a)    Declaratory Judgment: 28 U.S.C. §§ 2201 *et seq.*; S.C. Code Ann. §§ 15-53-10 *et seq.*

(b) Breach of Contract: *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491-92, 732 S.E.2d 205, 209-10 (Ct. App. 2012).

(c) Unjust Enrichment: *Regions Bank v. Wingard Properties, Inc.*, 394 S.C. 241, 256-57, 715 S.E.2d 348, 356 (Ct. App. 2011).

Below is a summary of the defenses to the counterclaims pleaded by Defendant.

(a) Failure to State a Claim: Rule 12(b)(6).

(b) Waiver: *Janasik v. Fairway Oaks Villas Horizontal Property Regime*, 307 S.C. 339, 345, 415 S.E.2d 384, 388 (1992).

(c) Estoppel: *Langdale v. Carpets*, 395 S.C. 194, 204-05, 717 S.E.2d 80, 85 (Ct. App. 2011).

(d) Unclean Hands: *Aaron v. Mahl*, 381 S.C. 585, 594-95, 674 S.E.2d 482, 487 (2009).

(e) Laches: *Robinson v. Estate of Harris*, 388 S.C. 630, 642, 698 S.E.2d 222, 228 (2010).

(f) Statute of Frauds: S.C. Code Ann. § 32-3-10, § 36-2-201, § 36-2-202

(g) Unjust Enrichment: *Regions Bank v. Wingard Properties, Inc.*, 394 S.C. 241, 256-57, 715 S.E.2d 348, 356 (Ct. App. 2011).

(h) Breach of Contract: *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491-92, 732 S.E.2d 205, 209-10 (Ct. App. 2012).

(i) Failure to Comply with Condition Precedent: *Alexander's Land Co., LLC v. M&M&K Corp.*, 390 S.C. 582, 595-96, 703 S.E.2d 207, 214 (2010).

(j) Ratification, Consent, Condonation, and Acceptance: *Genesco Inc. v. Palmetto Plaza Shopping Center, Inc.*, 274 S.C. 446, 448-49, 265 S.E.2d 34, 35 (1980).

(k) Accord and Satisfaction: Tremont Const. Co. v. Dunlap, 310 S.C. 180, 182, 425 S.E.2d 792, 793 (Ct. App. 1992).

(l) Failure to Mitigate damages/Doctrine of Avoidable Consequences: *Moore v. Moore*, 360 S.C. 241 (Ct. Ap. 2004).

(m) Offset/Beneficial Use: *See generally, Park Regency, LLC v. R & D Development of the Carolinas, LLC*, 2012 WL 5936692 (Ct. App. 2012).

(n) Defendant reserves the right to add additional defenses as the factual record is developed during the course of discovery.

5. *Dates for Expert Disclosures and Completion of Discovery.*

Plaintiff agrees with the dates set in the Court's Amended Scheduling Order [Doc. 12].

6. *Special Circumstances Affecting Preparation of the Scheduling Order.*

None.

7. *Additional Information.*

None.

                                      Respectfully submitted,

                                      /s/ Jeffrey S. Tibbals

Jeffrey S. Tibbals     Fed ID No. 9387
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
PHONE: 843.577.9440
FACSIMILE: 843.414.8219
JTibbals@nexsenpruet.com

Burl F. Williams     Fed ID No. 10556
55 E. Camperdown Way, Suite 400 (29601)
P.O. Drawer 10648
Greenville, SC 29603
PHONE: 864.282.1165
FACSIMILE: 864.477.2633
BWilliams@nexsenpruet.com

ATTORNEYS FOR PLAINTIFF
AMERICAN TOWER ASSET SUB, LLC

January 13, 2016
Charleston, South Carolina