IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| American Tower Asset Sub, LLC | ) | Civil Action No. 6:15-cv-03700-MGL |
| | ) | |
| Plaintiff | ) | |
| | ) | DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |
| vs. | ) | |
| | ) | |
| PTA-FLA, Inc., d/b/a ClearTalk, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant PTA-FLA, Inc., ("PTA-FLA") hereby responds to Plaintiff American Tower Asset Sub, LLC's ("American Tower") motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) regarding Defendant's counterclaim that American Tower violated the South Carolina Unfair Trade Practices Act ("UTPA"). Defendant properly pleaded a cause of action for violation of the UTPA and American Tower's motion for partial judgment on the pleadings should be denied.

### I. NATURE OF THE CASE

American Tower filed a Complaint on September 16, 2015 asserting claims for declaratory relief, breach of contract and unjust enrichment. On November 23, 2015, PTA-FLA filed an Answer and Counterclaim, asserting causes of action for breach of contract and violation of the UTPA against American Tower. American Tower filed an Answer to Counterclaim on December 14, 2015. American Tower's Fed. R. Civ. P. 12(c) motion now follows and is limited to PTA-FLA's UTPA claim.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Burbach Broadcasting Co. of Del. v. Elkins RadioCorp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) (citing *Edwards v. City of Goldsboro*, 173 F.3d 231, 243 (4th Cir. 1999); *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 405 (4th Cir. 1998). "Accordingly, a Rule 12[(c)] motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 173 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.3d 943, 952 (4th Cir. 1992)).

## III. LEGAL ARGUMENT

### A. PTA-FLA Sufficiently Pleaded a Plausible Cause of Action for Violation of the South Carolina Unfair Trade Practices Act.

In order to maintain a private cause of action under the UTPA, a plaintiff must plead and ultimately prove: "(1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Bessinger v. Food Lion, Inc.*, 305 F.Supp.2d 574, 579 (D.S.C. 2003) (citing *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998)).

1. <u>PTA-FLA has Sufficiently Alleged an Unfair Trade Practice</u>.

The UTPA does not specifically define unfair practices; however, the South Carolina legislature intended courts to be guided by interpretations of the Federal Trade Commission Act

2

("FTCA"), 15 U.S.C. § 45(a)(1), by the Federal Trade Commission, and federal courts. *See* S.C. Code Ann. § 39–5–20(b). In *Bessinger, supra,* the district court stated that a practice is unfair within the meaning of the FTCA when it "offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Bessinger*, 305 F.Supp.2d at 582 (quoting *Spiegel, Inc. v. F.T.C.*, 540 F.2d 287 (7th Cir. 1976)).

In its counterclaim for violation of the UTPA, PTA-FLA pleaded that American Tower engaged in price fixing and improper inflation of tower rents. PTA-FLA further alleged that American Tower, as one of the three main tower site and wireless communications infrastructure owners in the State of South Carolina, accomplished these unfair acts by using its relatively large size and market share in the South Carolina wireless telecommunications infrastructure market. (Answer & Counterclaim ¶¶ 53-55). Implicit in the foregoing is that American Tower's use of its market position to control the price at which towers or tower sites are leased or licensed is oppressive, unscrupulous and injurious to customers. As such, PTA-FLA has sufficiently pleaded an unfair trade practice.

2. PTA-FLA has Sufficiently Alleged it was Damaged.

American Tower offers three case citations to argue that PTA-FLA did not properly plead damages in its counterclaim. As relevant here, the first, *Taylor v. Medenica*, 479 S.E.2d 35, 45 (S.C. 1996), stands only for the proposition of what sorts of damages are available to someone who sues under the SCUTPA. The second, *Quinlin v. Carrington Mortgage Servs., LLC*, No. 0:13-1502-MGL, 2014 U.S. Dist. LEXIS 95023, is an unpublished opinion which reviews a Magistrate Judge's recommendation and makes no mention of insufficiency of damages, or damages at all for that matter. The last quote, from *Twombly,* stands merely for the proposition

that a defendant may be entitled to relief if a pleading is insufficient, but does not address the question of what constitutes a sufficient allegation of damages.

American Tower cited no authority demonstrating PTA-FLA has not met its burden in pleading damages. PTA-FLA has alleged that American Tower used its relatively large size in the South Carolina wireless telecommunications infrastructure market to engage in price fixing and inflated tower license rents with its large market share and that, as a consequence, PTA-FLA has been damaged. (Answer & Counterclaim ¶¶ 55-56). One can easily infer that PTA-FLA was damaged by being forced to pay wireless telecommunications infrastructure rents and license fees that were unreasonably high. As such, PTA-FLA has sufficiently pled that it was damaged.

3. <u>PTA-FLA has Sufficiently Alleged an Impact on the Public Interest</u>.

"An unfair or deceptive trade practice has an impact upon the public interest if it has the potential for repetition." *Haley Nursery Co. v. Forrest*, 381 S.E.2d 906, 908 (S.C. 1989) (citing *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 351 S.E.2d 347 (S.C. Ct. App. 1986)). Potential for repetition may be demonstrated by showing: the same kind of actions occurred in the past, thereby making it likely they will continue without deterrence, or the company's procedures create a potential for repetition. *Daisy Outdoor Advertising v. Abbott*, 473 S.E.2d 47 (S.C. 1996).

The South Carolina Supreme Court has specifically declined to hold that these are the only means for showing potential repetition and has stated that each case must be evaluated on its own merits. *See Crary v. Djebelli*, 496 S.E.2d 21, 23 (S.C. 1998). When a plaintiff relies on similar acts to show a potential for repetition, it must present "specific proof of similar acts,

4

transactions, or happenings where there is some special relation between them which would tend to prove or disprove some fact in dispute. *Burbach v. Investors Mgmt. Corp. Int'l.,* 484 S.E.2d 119, 122-23 (S.C. Ct. App. 1998) (citing *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994)).

American Tower's acts had an adverse impact on the public interest as American Tower is alleged to have committed these unlawful trade practices in the more than 30 agreements that PTA-FLA signed with American Tower or its related entities that are the subject of this suit. (See, Complaint ¶ 12). Not only is there the *potential* of repetition, there was *actual* repetition with each of the various agreements into which the parties entered.

PTA-FLA properly pleaded a cause of action for violation of the UTPA. PTA-FLA's pleading does not set forth just naked assertions, but provides factual enhancement—all of which must be viewed in light most favorable to PTA-FLA—to show that its claim rises to the level of plausibility. American Tower's motion for partial judgment on the pleadings should be denied.

### B. PTA-FLA Requests Leave to Amend its Counterclaim if it is Found Lacking.

Although PTA-FLA believes it has sufficiently pleaded a claim for violation of the UTPA, if the Court decides that the claim does not meet the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), then PTA-FLA respectfully seeks leave to amend its counterclaim pursuant to Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a) leave to amend a pleading "shall be freely given when justice so requires." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Fed. R. Civ. P. 15)). "The Supreme Court has declared that 'this mandate be heeded.'" *Id.* (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or an amendment would be futile. *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (emphasis in original)). There must be prejudice, bad faith, or futility, none of which apply in this case.

In *Edwards*, the Fourth Circuit held that the district court abused its discretion in denying the plaintiff's motions to amend his complaint because "even assuming *arguendo* that [Plaintiff] delayed in filing his motions to amend, that the Defendants would have been prejudiced by the amendments sought is not obvious from the record as the Defendants contend." *Edwards*, 178 F.3d at 243. The Fourth Circuit Court of Appeals went on to explain, "[a]s [Plaintiff] correctly points out, all the allegations sought to be added in his first amended complaint derived from evidenced obtained during discovery regarding matters already contained in the complaint in some form and . . . merely sought to add specificity to those matters. **Prejudice to the Defendants could hardly flow from such an addition**." *Id.* (emphasis added).

While PTA-FLA believes that it has properly pleaded a cause of action for UTPA violations, PTA-FLA requests leave to amend if this Court determines otherwise. To allow such amendment would not prejudice American Tower as this case is still at a very early stage, PTA-FLA contemplates filing its own motion for judgment on the pleadings, no significant discovery has been conducted, and PTA-FLA would only be including more specificity to its allegations which would enable American Tower to have more information concerning the claims without having to conduct additional discovery.

## IV. CONCLUSION

PTA-FLA respectfully asks this Court to deny American Tower's motion for partial judgment on the pleadings for the aforementioned reasons. If the Court does grant American Tower's motion, PTA-FLA respectfully requests leave to amend its counterclaim to provide more factual specificity.

Respectfully Submitted,

Columbia, South Carolina
May 2, 2016

s/ Joshua E. Austin
Joshua Evan Austin (Fed Id. # 12001)
PTA-FLA, Inc. dba Clear Talk
Post Office Box 8839
Columbia, South Carolina 29202
Telephone: (803) 466-6488
joshuaaustin@cleartalk.net
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2016, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the following:

**Jeffrey S. Tibbals**
**NEXSEN PRUET, LLC**
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, South Carolina 29402
JTibbals@nexsenpruet.com

**Burl F. Williams**
**NEXSEN PRUET, LLC**
55 E. Camperdown Way, Suite 400 (29601)
P.O. Drawer 10648
Greenville, SC 29603
BWilliams@nexsenpruet.com

                                                   s/Joshua E. Austin
                                                   Joshua Evan Austin (Fed Id. # 12001)
                                                   PTA-FLA, Inc. dba Clear Talk
                                                   2101 Main Street, Suite J
                                                   Post Office Box 8839 (29202)
                                                   Columbia, South Carolina 29201
                                                   joshuaaustin@cleartalk.net

                                                   *Attorney for Defendant*