

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| AMERICAN TOWER ASSET SUB, LLC; AMERICAN TOWERS LLC f/k/a American Towers, Inc.; AMERICAN TOWER, LP; ATC SOUTH, LLC; AMERICAN TOWER MANAGEMENT, LLC; NEW TOWERS, LLC; and SPECTRASITE COMMUNICATIONS, LLC, Plaintiffs/Counterclaimants Defendants, vs. PTA-FLA, INC. d/b/a Cleartalk, Defendant/Counterclaimant Plaintiff. | CIVIL ACTION NO. 6:15-03700-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiffs/Counterclaimants Defendants (Plaintiffs) filed this lawsuit as a breach of contract action. The Court has jurisdiction over the matter under 28 U.S.C. § 1332. Pending before the Court is Plaintiffs' Fed. R. Civ. P. 12(b)(6) motion to dismiss Defendant/Counterclaimant Plaintiff's (Defendant) counterclaims for declaratory judgment and a violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-10. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Plaintiffs' motion to dismiss will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs initially filed their Complaint on September 16, 2015, ECF No. 1, to which Defendant filed its Answer, which included counterclaims, on November 23, 2015, ECF No. 6. Plaintiffs then filed an Amended Complaint on May 18, 2016, asserting claims against Defendant for declaratory relief, breach of contract, and unjust enrichment. ECF No. 25. On May 25, 2016, Defendant filed its Answer to the Amended Complaint, which included its Amended Counterclaims, asserting causes of action against Plaintiffs for declaratory judgment, a violation of the SCUTPA, and breach of contract. ECF No. 27. In Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA, Defendant relies heavily on a Letter Agreement entered into by Defendant and Plaintiffs. *Id.* ¶¶ 57-62, 65-74, 76-79, 84-89. Specifically, Defendant alleges that the parties entered into a Letter Agreement on December 22, 2009, and the Letter Agreement "was effective for a period commencing December 24, 2009 and expiring as of December 23, 2011." *Id.* ¶¶ 57-58.

On June 8, 2016, Plaintiffs filed their motion to dismiss Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA under Rule 12(b)(6). ECF No. 29. Defendant subsequently filed its response in opposition to the motion, ECF No. 30, to which Plaintiffs filed their reply, ECF No. 31. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of the motion.

## III. STANDARD OF REVIEW

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is

2

barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

## IV. CONTENTIONS OF THE PARTIES

In their motion to dismiss, Plaintiffs contend that Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA should be dismissed because they are barred by a three-year statute of limitations. In particular, Plaintiffs aver that the underlying issue in Defendant's cause of action for declaratory judgment is rooted in contract, and thus, the applicable statute of limitations is three years. Plaintiffs also point out that the statute of limitations for private actions under the SCUTPA is three years. Moreover, Plaintiffs propound that Defendant's cause of action for a violation of the SCUTPA fails to allege facts sufficient to state a plausible theory for relief.

Defendant responds by advancing that Plaintiffs' motion to dismiss based on Defendant's counterclaims being time-barred is improper. According to Defendant, Plaintiffs's affirmative defense is not proven from the face of Defendant's counterclaims. Further, Defendant claims that there is no articulation of when the causes of action were discovered for purposes of the statute of limitations. Finally, Defendant insists that it has sufficiently pled a plausible cause of action for a violation of the SCUTPA.

## V. DISCUSSION AND ANALYSIS

As an initial matter, the Court holds that Defendant's assertion that it is improper to base a Rule 12(b)(6) motion to dismiss upon an affirmative defense in this instance is without merit. To the contrary, the Court of Appeals for the Fourth Circuit recognizes that "[a]lthough a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see also* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed.) (stating that allegations "showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)"). Therefore, the Court will now consider whether the statute of limitations bars Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA.

As observed above, Defendant relies heavily on the terms and conditions included in the Letter Agreement in setting forth its counterclaims for declaratory judgment and a violation of the SCUTPA. ECF No. 27 ¶¶ 76-79, 84-89. By referring to the Letter Agreement throughout its Answer to the Amended Complaint and Amended Counterclaim, Defendant incorporated the Letter Agreement into its counterclaims by reference. *See id.* ¶¶ 40-44, 54, 57-62, 65-74, 76-79, 84-89; *Tellabs, Inc.*, 551 U.S. at 322.

To determine the governing statute of limitations, the Court will consider each counterclaim separately. First, "[a] suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Williams v. Gov't Emps. Ins. Co.*, 762 S.E.2d 705, 709 (S.C. 2014) (internal quotation marks omitted). In this case, the underlying issue of Defendant's declaratory judgment counterclaim is rooted in contract, specifically the Letter Agreement. ECF No. 27 ¶¶ 75-79. Consequently, South Carolina law provides for a three-year statute of limitations as to Defendant's declaratory judgment counterclaim. S.C. Code Ann. § 15-3-530 (providing that "an action upon a contract, obligation, or liability, express or implied," shall be brought within three years). Turning to Defendant's counterclaim for a violation of the SCUTPA, South Carolina has provided a three-year statute of limitations for private actions under the SCUTPA. S.C. Code Ann. § 39-5-150 (providing that no actions under the SCUTPA may be brought "more than three years after discovery of the unlawful conduct which is the subject of the suit").

Defendant contends that its counterclaims contain "no articulation of when the cause of action was discovered." ECF No. 30 at 5. However, under South Carolina law, "a party who signed a contract is deemed to have read and understood the effect of the contract." *York v. Dodgeland of Columbia, Inc.*, 749 S.E.2d 139, 146 (S.C. Ct. App. 2013) (internal quotation marks omitted).

5

Moreover, under South Carolina law, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered, "not when advice of counsel is sought or a full-blown theory of recovery developed." *Epstein v. Brown*, 610 S.E.2d 816, 818 (S.C. 2005) (emphasis omitted).

There is no dispute that the Letter Agreement "was effective for a period commencing December 24, 2009 and expiring as of December 23, 2011." ECF No. 27 ¶ 58. Therefore, on December 24, 2009, Defendant knew or reasonably ought to have discovered the terms of the Letter Agreement that it now claims were illegal and in restraint of trade. Therefore, based on the face of Defendant's counterclaims, the limitations period for Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA expired not later than December 23, 2014. Defendant initially filed its counterclaims on November 23, 2015, ECF No. 6, and then filed its Answer to the Amended Complaint containing its Amended Counterclaims on May 25, 2016, ECF No. 27. Consequently, Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA are time-barred by the three-year statute of limitations.

Accordingly, the Court will grant Plaintiffs' motion to dismiss Defendant's counterclaims for declaratory judgment and a violation of the SCUTPA. Given that this holding is dispositive of the issue, the Court need not address the parties' remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Plaintiffs' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 25th day of July, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
